Hon. C. Voorhies,
Hon. A. M. Buchanan, ⎱
Hon. A. N. Ogden,   ⎰ *Associate Justices.*
Hon. H. M. Spofford,

---

## S. M. Todd & Co. *v.* L. H. Place.

Defendant sold property belonging to the succession of his brother, and there had been no probate proceedings, nor judicial order of sale—*Held:* That this was an interference with, and appropriation of the estate by defendant, sufficient to charge him as heir of his brother, under Art. 993 of the Civil Code.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *H. T. Hays,* for plaintiffs. *J. Van Matre,* and *Benjamin & Micou,* for defendant and appellant.

Buchanan, J. This suit now comes before this court for the second time. When first tried before the court below, in April, 1851, the plaintiffs introduced, on the trial, testimony to show that defendant had taken possession of the estate of his brother, and sold the effects thereof for his own account. The Judge of the District Court considered that the defendant, by the part which he had taken after the death of his brother, had placed himself in the position of an executor de son tort, and brought himself within the 12th section of the Act of March, 1820, gave judgment in favor of plaintiffs for the full amount of their claim. From this judgment the defendant appealed. This court considering that the issue had not been made by the pleadings, and that the defendant may have been surprised by the introduction of testimony to show that he had interfered in the succession of his brother, remanded the case, that defendant might have an opportunity of meeting and rebutting such testimony.

Upon the second trial, in the court below, the plaintiffs offered the same evidence upon this head as upon the previous trial, and no rebutting evidence was adduced on the part of defendant.

TODD
v.
PLACE.

The suit is an ordinary action for the price of goods sold and delivered; and the answer is the general denial. The evidence shows that at the time of *R. D. Place's* death, about the last of October or first of November, 1850, he was the lessee and manager of the American Theatre, in New Orleans, and up to that time was in possession of the said theatre, including the scenery, &c., belonging to the same. The lease made by *Collis & Morgan* to *R. D. Place,* dated 6th June, 1850, had one year or more to run at the date of the death of the lessee. On the 12th November, 1850, a few days after the death of *R. D. Place,* the defendant, his brother, took possession of, and sold all the movables in the American Theatre, with the unexpired term of the lease, to *Mandell & Charles.*

This sale was not authorized by any judicial order, nor preceded by any probate proceedings. Among the effects thus sold, were a portion of the goods mentioned in the bill of particulars annexed to plaintiffs' petition. That bill had been made by the agents of *R. D. Place,* in the months of September and October, 1850. It was for paints and other materials used in the painting and decorating of the theatre. Its amount is $400 62. The sale and delivery are proved. The portion of those goods remaining on hand at *R. D. Place's* death, and sold by defendant to *Mandell & Charles,* was valued at one hundred dollars.

These facts amount to an interference with, and appropriation of, the estate of *R. D. Place,* by the defendant, sufficient to charge him, as heir of his brother, according to Article 993 of the Civil Code. And it will not avail the defendant that the petition does not allege an intermeddling with the estate of *R. D. Place,* as the ground of defendant's liability. The defendant had full notice of the nature of the claim, against which he had to contend. The cause was remanded by the Supreme Court expressly for trial upon the issue of defendant's legal liability by reason of his acts in the premises. And all the evidence of those acts, parol and documentary, was received on the second trial, without objection. See case of *McMasters* v. *Place,* 8th Ann. 431.

Judgment of the District Court reversed; and judgment rendered in favor of plaintiffs against defendant, for four hundred dollars and sixty-two cents, with legal interest from 4th December, 1850, and costs in both courts.